852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN re FESTIVAL SHOPPING CENTERS, INC.
 No. 88-1140.
 United States Court of Appeals, Federal Circuit.
 June 7, 1988.
 
 Before RICH, DAVIS and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Festival Shopping Centers, Inc. (FSC) appeals from the decision of the United States Patent & Trademark Office Trademark Trial and Appeal Board refusing to register, as a service mark for shopping center services, the mark FESTIVAL as shown in application Serial No. 528,058, filed March 21, 1985. The board held the term merely descriptive of shopping center services under Lanham Act Sec. 2(e)(1), 15 U.S.C. Sec. 1052(e)(1) (1982). We affirm.
 
 OPINION
 
 2
 The evidence of use in the trade made of record during examination to show that FESTIVAL has become merely descriptive of shopping center services is overwhelming. From that evidence, the board found "that 'festival' is used by those in the business of developing shopping centers to describe a type of shopping center characterized by an entertaining atmosphere with emphasis on food service and specialty retail stores." This holding is in accordance with the principle that a term may be distinctive when first applied to the goods or services and may later acquire descriptive significance because of the use by others. See DeWalt, Inc. v. Magna Power Tool Corp., 289 F.2d 656, 660, 129 USPQ 275, 279 (CCPA 1961).
 
 
 3
 FSC concedes that collective terms such as "festival marketplace" and "festival shopping center" are descriptive of a particular type of shopping center services. FSC displays FESTIVAL in names such as HAMMOND FESTIVAL, ATLANTA FESTIVAL, and similar combinations, however, and contends that, when the word "festival" is used without "marketplace" or "shopping center," it is not descriptive of FSC's services. We disagree. On appellant's theory, "yellow" would not be descriptive of butter. Clearly that is not the law.
 
 
 4
 Descriptiveness is determined, not in a vacuum, but in connection with the goods or services to which the purported mark is applied. See, e.g., In re Omaha Nat'l Corp., 819 F.2d 1117, 2 USPQ2d 1859 (Fed.Cir.1987) ("FirsTier" merely descriptive of banking services where "first tier" described a type of bank; evidence of use in trade included "first-tier banks" and "first-tier investment bank"). Thus, a rejection under section 2(e) descriptiveness is not limited to those expressions which actually identify or name the goods or services as part of the mark itself.
 
 
 5
 There is a distinction between an expression which is the common descriptive name of particular goods or services and one which is a descriptive word for them in that the former is not registrable at all, while it is possible for a descriptive word to acquire secondary meaning. See, e.g., In re Merrill Lynch, Pierce, Jenner, & Smith, Inc., 828 F.2d 1567, 1569, 4 USPQ2d 1141, 1142 (Fed.Cir.1987); E.C. Vandenburgh, III, Trademark Law and Procedure Sec. 4.30 at 88-89 (2d ed. 1968); see also In re Northland Aluminum Prods., Inc., 777 F.2d 1556, 227 USPQ 961 (Fed.Cir.1985) ("Bundt" common descriptive name for type of cake and not registrable under section 2(f)). That distinction is of no help to appellant here, however, because the sole issue is whether the section 2(e) descriptiveness rejection was proper. On that issue, the board's finding that FESTIVAL is unregistrable because merely descriptive has not been shown to be clearly erroneous; indeed, it is amply supported by the record. See In re Bed & Breakfast Registry, 791 F.2d 157, 160, 229 USPQ 818, 819 (Fed.Cir.1986) (question whether mark merely descriptive is one of fact).
 
 
 6
 On appeal, FSC also attacks the record evidence as post-dating the mark's date of first use, August 1982. The Court of Customs and Patent Appeals, a predecessor of this court, stated that "registrability of a mark must be determined on the basis of facts as they exist at the time when the issue of registrability is under consideration." McCormick & Co. v. Summers, 354 F.2d 668, 674, 148 USPQ 272, 276 (CCPA 1966). Moreover, we have specifically held that the board may properly consider evidence arising after the application is filed. See Application of Thunderbird Prods. Corp., 406 F.2d 1389, 1392, 160 USPQ 730, 733 (CCPA 1969). Accordingly, FSC's attack is meritless.
 
 
 7
 Finally, FSC argues that the board should have given weight to an order of the District Court for the Eastern District of North Carolina, in an action against a third party, finding that the term "festival" is not merely descriptive. The court characterized that finding as "tentative," because made upon granting a preliminary injunction, and there is no showing of what evidence the district court considered when it made its finding of fact. Consequently, we agree with the board that FSC's reliance upon the order "cannot serve to warrant reversal of the Examining Attorney's refusal [to register]."
 
 
 8
 Having considered each of FSC's arguments, we conclude that FSC has failed to show an error of fact or law in the board's decision. Accordingly, the decision of the board is affirmed.